IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 15, 2006 Session

## ROBERT DYE v. WITCO CORP. A/K/A WITCO CORPORATION ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-02-2346-2     Arnold B. Goldin, Chancellor**

_____

**No. W2005-01796-SC-R3-CV - Filed on March 5, 2007**

_____

The trial court granted summary judgment to the employer in this workers' compensation case, finding that the statute of limitations bars the employee's claim and that the savings statute provides no relief to the employee. We hold that the employee's complaint for workers' compensation benefits is barred by the statute of limitations. We further hold that the employee failed to file his complaint within the time allowed by the savings statute. Accordingly, we affirm the trial court's grant of summary judgment.

**Tenn. Code Ann. § 50-6-225(e); Judgment of the Trial Court Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and CORNELIA A. CLARK and GARY R. WADE, JJ., and D. MICHAEL SWINEY, SP.J., joined.

Stephen F. Libby, Memphis, Tennessee, for the appellant, Robert Dye.

Kevin W. Washburn, Memphis, Tennessee, for the appellees, Witco Corp. a/k/a Witco Corporation, Witco Chemical Corp. a/k/a Witco Chemical Corporation, Old Republic Insurance Company, Wausau Insurance Company, and RISKO Claims Management.

## OPINION

### I.  Factual and Procedural Background

During his employment with Witco Corporation ("Witco"), Robert Dye ("Dye") developed an allergic condition primarily affecting the skin on his hands. On August 7, 1996, Dr. James Turner, a dermatologist, began treating Dye for his allergic condition. Dye informed Dr. Turner that his skin allergy improved when he was away from work and that his condition may be related to chemicals to which he was exposed at Witco. Subsequent testing revealed that Dye was allergic to potassium dichromate. On several occasions, Dr. Turner recommended to Witco that Dye be placed

in a job limiting his exposure to potassium dichromate. Dr. Turner also recommended that Dye avoid exposure to chemicals at work. In spite of these recommendations and Dr. Turner's ongoing treatment of Dye, Dye's condition persisted.

Witco initially paid Dye's medical expenses. However, in August 1998, Business Health Services, L.L.C. conducted a job site analysis of the Witco plant at Witco's request to determine whether Dye's exposure to potassium dichromate was related to his employment. The job site analysis consisted of observations of plant activity and safety procedures, interviews with various supervisors and managers, and an examination of the various sites Mr. Dye believed contained concentrations of potassium dichromate. The investigation resulted in a finding that "there is nothing to support an excessive or prolonged exposure to potassium dichromate as a result of Mr. Dye's employment." Consequently, Witco concluded that Dye's condition was not caused by his employment.

Apparently at Dr. Turner's request, an industrial hygiene survey was conducted on November 19, 1998, and December 3, 1998, by a certified industrial hygienist. The chromium contained in the air and on various surfaces was measured, as well as the amount of exposure to chromium while operating tank loading equipment. In a letter dated January 8, 1999, Witco's workers' compensation case nurse forwarded the results of the air quality testing to Dr. Turner and requested Dr. Turner's assent to the following statement: "Mr. Dye is under medical care for a personal health matter. There is no evidence to support that his job was the cause of this condition. Furthermore, there is no evidence that his job is the direct cause of any recurrent condition." On January 21, 1999, Dr. Turner signed this statement and wrote in a space provided for comment that he saw "no clinical or laboratory evidence that [Dye's] condition is caused by his job."

On February 8, 1999, less than one month later, Dr. Turner noted in Dye's medical records that "[f]rom the patient's history . . . it sounds like [his condition] is work related; however, we have been unable to identify any specific allergen or irritant that is causing his problem." Despite his previous written statement to the contrary, Dr. Turner continued to opine in his office notes and deposition testimony that Dye's condition is "probably" work-related.[1] Dr. Turner continued to treat Dye until July 22, 1999. Witco ceased payment of all benefits to Dye on October 22, 1999. Over two years later, on March 25, 27, and 29, 2002, Dye returned to Dr. Turner for treatment of the same allergic condition. Although the parties dispute whether or not Witco authorized this treatment, on October 9, 2002, Witco made a single payment for the March 2002 treatment.

On March 4, 1999, after Witco concluded that Dye's condition was not work-related but before Witco ceased making payments, Dye filed a complaint for workers' compensation benefits. For reasons that are not clear from the record, Dye voluntarily dismissed his complaint on May 8,

---

[1] In his brief, Dye asserts that Dr. Turner again opined that Dye's condition was not caused by his employment in a letter dated August 1, 1999. This evidence, however, is not contained in the record before this Court.

2001. On December 13, 2002, Dye filed a second complaint for workers' compensation benefits in the Chancery Court of Shelby County. In his complaint, Dye alleged that Witco made its last voluntary medical payment on Dye's behalf on October 9, 2002. Witco filed a motion to dismiss, which was later converted into a motion for summary judgment, asserting that Dye's complaint was not filed within the time allowed by the statute of limitations or the savings statute. Specifically, Witco contended that the last voluntary medical payment on Dye's behalf was made on October 22, 1999, and that the second action was not filed within one year of the voluntary non-suit of the original action. The chancellor granted the motion in favor of Witco, and Dye appealed. We granted review after oral argument before the Special Workers' Compensation Appeals Panel ("Panel") but before a decision was rendered by the Panel.

## II. Analysis

Dye contends that his claim was filed within the statute of limitations. Tennessee Code Annotated section 50-6-203(a) (1999) provides that an employee has one year from the date of injury to file a complaint for workers' compensation benefits.[2] When applying this statute, we follow the longstanding rule that the running of the statute of limitations is suspended until "by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained." Hawkins v. Consol. Aluminum Corp., 742 S.W.2d 253, 255 (Tenn. 1987).

On appeal, Dye argues for the first time that the statute of limitations did not begin to run until either March 2002, the month in which Dye returned to Dr. Turner for patch testing, or March 28, 2005, the date upon which Dr. Turner testified that Dye had suffered a permanent medical

---

[2] Tennessee Code Annotated section 50-6-203(a) (1999) provides:

The right to compensation under the Workers' Compensation Law shall be forever barred, unless, within one (1) year after the accident resulting in injury or death occurred, the notice required by § 50-6-202 is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter; provided, that if within the one-year period voluntary payments of compensation are paid to the injured person or the injured person's dependents, an action to recover any unpaid portion of the compensation, payable under this chapter, may be instituted within one (1) year from the later of the date of the last authorized treatment or the time the employer shall cease making such payments, except in those cases provided for by § 50-6-230. Where a workers' compensation suit is brought by the employer or the employer's agent and the employer or agent files notice of non-suit of the action at any time on or after the date of expiration of the statute of limitations, either party shall have ninety (90) days from the date of the order of dismissal to institute an action for recovery of benefits under this chapter.

In 2004, the General Assembly significantly revised Tennessee Code Annotated section 50-6-203. The statute of limitations for workers' compensation cases is now found at Tennessee Code Annotated 50-6-203(g)(2) (2005).

impairment.[3] Dye maintains that Dr. Turner's medical records reflect uncertainty as to the cause of Dye's condition and provided him with no notice of causation until the patch testing conducted by Dr. Turner in March 2002. Dye further argues that he could not have discovered the permanency of his injury until Dr. Turner assigned a medical impairment rating in his deposition on March 28, 2005. These arguments were not raised in opposition to Witco's motion for summary judgment and are not mentioned in the trial court record. While Dye did argue that the statute of limitations did not begin to run until March 2002, his argument was based upon the contention that the last authorized treatment occurred at that time. Consequently, the trial court did not have an opportunity to make findings regarding the dates on which Dye discovered the compensability and the permanence of his injury. We have held that "issues raised for the first time on appeal are waived." Black v. Blount, 938 S.W.2d 394, 403 (Tenn. 1996); see Norton v. McCaskill, 12 S.W.3d 789, 795 (Tenn. 2000). Because Dye raises this issue for the first time on appeal, we conclude that the issue is waived.

Dye also argues that Witco's final voluntary payment of compensation occurred on October 9, 2002, and that the statute of limitations did not begin to run until that date. Prior to that last, isolated payment of compensation, Witco's last voluntary payment was made on October 22, 1999. Witco contends that Dye had until October 22, 2000, to file his claim and that the additional payment of October 9, 2002, made after the statute of limitations expired, did not revive Dye's claim. We agree.

In workers' compensation cases, we review the trial court's findings of fact de novo accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (2005); Lay v. Scott County Sheriff's Dep't, 109 S.W.3d 293, 296 (Tenn. 2003). However, when there are no material facts in dispute, we review the trial court's ruling de novo with no presumption of correctness. Vinson v. United Parcel Serv., 92 S.W.3d 380, 384 (Tenn. 2002). Accordingly, we review the trial court's grant of summary judgment de novo with no presumption of correctness.

When the employer makes voluntary payments of compensation within the one-year statute of limitations period, an employee may file suit within one year of the later of the last authorized medical treatment or the date an employer stops making voluntary payments. Tenn. Code Ann. § 50-6-203(a) (1999). Voluntary payments of compensation and medical treatment occurring after the statute of limitations has already run are of no effect. See Threadgill v. Lexington Metal Prods. Co., 632 S.W.2d 550, 552 (Tenn. 1982) (once claim is barred by the passage of time, a new period will not be set in motion by the furnishing of medical services); Ogden v. Matrix Vision of Williamson County, Inc., 838 S.W.2d 528, 531 (Tenn. 1992) (affirming Threadgill).

---

[3] On December 27, 2005, this Court entered an order permitting Dye to supplement the record with the deposition transcript of Dr. Turner including exhibits, Witco's response to Dye's request for admissions, and Witco's response to Dye's second request for admissions.

Applying this principle to the case before us, we conclude that Witco ceased making payments on October 22, 1999, and that the statute ran on October 22, 2000. Witco's single payment on October 9, 2002, almost two years after the expiration of the statute of limitations, does not revive Dye's claim. Had Witco continued making regular payments without interruption, we would be faced with a very different case. See Tenn. Code Ann. § 50-6-203(a) (1999). In the instant case, however, there was a greater than one-year gap between voluntary medical payments. During that interval, the statute of limitations ran. Therefore, Dye's second complaint, filed on December 13, 2002, is barred by the statute of limitations.

Dye's final argument concerns the applicability of the savings statute.[4] Tennessee Code Annotated section 28-1-105(a) (2000),[5] the "savings statute," allows a plaintiff to refile an action within one year of the voluntary non-suit of the first action. Cronin v. Howe, 906 S.W.2d 910, 912-13 (Tenn. 1995). In this case, the second complaint was not filed until more than nineteen months after the voluntary dismissal of the first action. Therefore, the savings statute does not save Dye's claim.

Because Dye's second complaint was not filed within the applicable statute of limitations or within the period provided by the savings statute, it is barred. Although summary judgment is rarely appropriate in a contested workers' compensation case, Berry v. Consol. Sys., Inc., 804 S.W.2d 445, 446 (Tenn. 1991), the situation presented by this case is one of those rare occasions when summary judgment is justified. Accordingly, we affirm the trial court's grant of summary judgment.

## III. Conclusion

We hold that Dye's argument concerning the date he discovered the permanency and compensability of his injury is waived because it was not raised before the trial court. We further

---

[4] Dye argues, without citation to authority, that the savings statute and the statute of limitations operate to create a new statute of limitations that begins after the voluntary dismissal of a claim for workers' compensation. Nothing in the plain language of either statute suggests that the statute of limitations recommences after the voluntary dismissal of a claim. Therefore, we conclude that this argument is without merit.

[5] Tennessee Code Annotated section 28-1-105(a) (2000) provides:

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Because the statute has not been revised since it was amended in 1989, we cite to the current version of the statute.

hold that after the expiration of the statute of limitations an isolated voluntary medical payment does not revive the employee's claim. Finally, we conclude that Dye filed his second complaint more than a year after the voluntary dismissal of his original suit. We therefore conclude that Dye's claim for workers' compensation benefits is barred by the statute of limitations and that the savings statute provides no relief. Accordingly, the trial court's grant of summary judgment is affirmed. Costs of this appeal are taxed to the appellant, Robert Dye, and his surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE