# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 21, 2014 Session

## LANEY T. EFFERSON ET AL. V. BARBARA R. STEPHENS

**Appeal from the Chancery Court for Sumner County**
**No. 2012-CV-154      Tom E. Gray, Chancellor**

_____

**No. M2014-00326-COA-R3-CV – Filed February 9, 2015**

_____

Plaintiffs, two grandchildren of the decedent who are executors of their deceased mother's estate, brought this action on behalf of the decedent contending that Barbara Stephens, one of the decedent's three daughters, unduly influenced the decedent to name Ms. Stephens as the sole beneficiary of her estate, to the exclusion of her other children and grandchildren. The decedent died in 2009, this action was commenced in August 2012, and the decedent's will was admitted to probate in January 2013, without contest. Thereafter, Ms. Stephens filed a motion for summary judgment for lack of standing and two motions to dismiss under Tenn. R. Civ. P. 12.02(6) for lack of standing and lapse of the three-year statute of limitations. The trial court granted all three motions. Plaintiffs appeal contending, inter alia, they have standing because their mother's estate suffered a financial loss when Ms. Stephens deprived their mother, and her estate, of the substantial economic interests (her inheritance), and their claims are not time-barred, because the statute of limitations was tolled due to the decedent's incompetence under Tenn. Code Ann. § 28-1-106. Because the decedent's will was admitted to probate and Plaintiffs did not attempt to contest the validity of the decedent's will until after summary judgment was granted, it was undisputed, when the trial court ruled on this matter, that the decedent died testate, and Ms. Stephens was the sole beneficiary of the decedent's estate. Therefore, neither Plaintiffs, individually, nor their mother's estate suffered a "distinct and palpable injury" for which the court could grant relief; as a consequence, they do not have standing. *See Lynch v. City of Jellico*, 205 S.W.3d 384, 395 (Tenn. 2006). We, therefore, affirm the summary dismissal of this action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and BRANDON O. GIBSON, JJ., joined.

Keith C. Dennen and Kerry M. Ewald, Nashville, Tennessee, for the appellants, Laney T. Efferson and Benny Taylor, Jr.

John Ray Phillips, Jr., Gallatin, Tennessee, for the appellee, Barbara Ruth Stephens.

## OPINION

The pivotal facts of this matter are undisputed. Willowdeen Anderson ("Decedent" or "grandmother") was the mother of three daughters, Betty Jean Taylor, Barbara Ruth Stephens, and Billie Dean Witalec. Ms. Witalec died intestate in July 2005. Her estate totaled approximately $1 million, which her elderly mother, Decedent, stood to inherit as sole heir-at-law. However, on August 2, 2005, Decedent, who was 90 years old at the time, executed a "Sale and Assignment of Intestate Interest" and two quitclaim deeds, transferring her interest in Ms. Witalec's estate to one of her two surviving daughters, Ms. Stephens ("Defendant").

Shortly thereafter, Decedent suffered a stroke and during her ensuing hospitalization, she executed a durable power of attorney, a "Receipt and Transfer of Property" completing her transfer of Ms. Witalec's estate to Defendant, and a will that bequeathed her entire estate to Defendant, thereby disinheriting her other surviving daughter, Ms. Taylor.

Decedent lived another four years, dying at 94 years of age on August 3, 2009. Soon thereafter, but without filing a petition to admit Decedent's will to probate, Defendant retained the services of legal counsel to pursue a medical malpractice claim. Upon petition of her counsel, the Probate Court for Wilson County appointed Defendant's counsel administrator ad litem of Decedent's estate in October 2009 authorizing him to commence the medical malpractice action.

Ms. Taylor, the surviving daughter who was disinherited by the 2005 will, died in August 2011, without ever challenging the validity of the 2005 transfers or her mother's will. Following Ms. Taylor's death, her two children, Laney Efferson and Benny Taylor, Jr., were appointed co-executors of her estate.

On August 3, 2012, one year after Ms. Taylor's death, Ms. Efferson and Mr. Taylor ("Plaintiffs") commenced this action against Defendant "on behalf of" Decedent, their grandmother, "Willowdeen Burrows Anderson" in Sumner County Chancery Court, alleging undue influence, breach of fiduciary duty, and conversion/theft with respect to the 2005 inter vivos transactions between Defendant and their grandmother. Plaintiffs alleged that, at the time of these transactions, their grandmother was of unsound mind and in poor health, suffering from age-related dementia, hemi-paresis, problems walking, and was dependent on others for her basic needs.

The gravamen of the complaint was that Defendant induced and manipulated Decedent, who was incompetent, into assigning or transferring her interest in Ms. Witalec's estate to Defendant and executing a will disinheriting Plaintiffs' mother, Ms. Taylor; as a consequence, Plaintiffs alleged the assignments and transfers were invalid. Plaintiffs requested that a constructive trust be imposed on the assets obtained from Decedent by Defendant, that an injunction be implemented prohibiting the disposal or liquidation by Defendant of the assets, and that a judgment in the amount of $1 million be entered in this cause for Plaintiffs on behalf of Decedent.[1]

Defendant timely answered asserting that Decedent "knew exactly what she was doing and all legal documents were prepared at her specific direction and executed by her voluntarily and without any outside influence." Defendant also asserted lack of standing and the statute of limitations as affirmative defenses.

On January 31, 2013, Decedent's will was admitted to probate without a challenge or contest. Eleven months later, in December 2013, Defendant filed three dispositive motions in the chancery court: a motion for summary judgment for lack of standing and two motions to dismiss. Specifically, Defendant contended that Plaintiffs lacked standing to bring an action on Decedent's behalf as they were not beneficiaries of her will, and, thus, they had not suffered injury from the transfers or assignments of which they complained. Defendant also contended that Plaintiffs' claims were barred by the three-year statute of limitations, as codified at Tenn. Code Ann. § 28-3-105.

Plaintiffs responded to the motions contending they had standing to assert claims "on behalf of" Decedent in their capacity as co-executors of Ms. Taylor's estate, and because there was no other person to bring the action, as the administrator ad litem had declined to participate in this suit. Although a will contest had not been filed, Plaintiffs argued that "[t]he wrong Ms. Taylor's estate suffered will be remedied by the combination of this lawsuit and [the] action to contest Ms. Anderson's Will." Plaintiffs also contended that, pursuant to the 2007 version of Tenn. Code Ann. § 28-1-106, the mental disabilities caused by their grandmother's 2005 stroke tolled the statute of limitations.[2]

On January 13, 2014, the trial court granted all three motions and dismissed this action. Two days later, and prior to perfecting this appeal, Plaintiffs filed a complaint in the Wilson County Probate Court contesting Ms. Anderson's will. Plaintiffs then filed a timely notice of appeal from the dismissal of this action.

---

[1]Plaintiffs also alleged that the administrator ad litem in the medical malpractice action, counsel hired by Defendant to pursue the medical malpractice claim, declined to join in the action against Defendant due to the obvious conflict of interest.

[2]The current version of Tenn. Code Ann. § 28-1-106, effective July 1, 2011, requires an adjudication of incompetence to toll the running of the statute of limitations. The 2007 version does not.

## ANALYSIS

### I. STANDING

Plaintiffs contend the trial court erred by summarily dismissing the complaint upon the finding they lack standing. Plaintiffs contend they have standing as co-executors of their mother's estate. They also contend they have standing because no one else would bring such an action.

Defendant contends Plaintiffs lack standing to bring an action "on behalf of" Decedent. This contention is based on the undisputed fact that Defendant is the sole beneficiary of the will, which was admitted to probate without contest. Therefore, Defendant contends Plaintiffs have no stake in the assets Decedent conveyed to Defendant inter vivos, for had they not been transferred inter vivos, Defendant would have inherited those assets pursuant to the will. Thus, Plaintiffs have not suffered any injury due to the transfers or assignments of which they complain.

Standing is a judicial doctrine used to determine whether a party is entitled to have a court decide the merits of a dispute. *Am. Civil Liberties Union of Tenn. v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006). The doctrine of standing requires a court to decide whether a party has a sufficiently personal stake in the outcome of the controversy to warrant the exercise of the court's power on its behalf. *Browning-Ferris Indus., Inc. v. City of Oak Ridge*, 644 S.W.2d 400, 402 (Tenn. Ct. App. 1982) (quoting *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 253, 260-61 (1977)). The doctrine of standing precludes courts from adjudicating "an action at the instance of one whose rights have not been invaded or infringed." *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001). More specifically, this doctrine restricts "[t]he exercise of judicial power . . . to litigants who can show 'injury in fact' resulting from the action which they seek to have the court adjudicate." *Estate of Farmer*, No. M2013-02506-COA-R3-CV, 2014 WL 5308226, at *12 (Tenn. Ct. App. Oct. 15, 2014) (quoting *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)).

It is well-recognized that a party must show three elements to establish standing under Tennessee law: (1) a distinct and palpable injury, as opposed to a conjectural or hypothetical injury; (2) a causal connection between the claimed injury and the challenged conduct; and (3) the alleged injury is capable of being redressed by a favorable decision of the courts. *Lynch v. City of Jellico*, 205 S.W.3d 384, 395 (Tenn. 2006); *Metro. Air Research Testing Auth.*, *Inc. v. Metro. Gov't.* 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992). The focus of this inquiry is on the party, not the merits of a claim. *Mayhew*, 46 S.W.3d at 767. However, because standing often depends on the nature and source of the claims asserted, we must carefully examine the allegations within the

complaint to ascertain whether Plaintiffs are "entitled to an adjudication of the particular claims asserted." *Metro Air Research*, 842 S.W.2d at 615 (citations omitted).

The trial court dismissed the complaint based upon the undisputed fact that Plaintiffs were not beneficiaries of Decedent's will, which had been admitted to probate without contest nine months prior to the hearing on the motion for summary judgment.[3] Because Plaintiffs were not beneficiaries of Decedent's will, the trial court concluded that Plaintiffs had no stake in the claim, and that they had not suffered a "distinct and palpable injury" due to Defendant's actions. Accordingly, Plaintiffs sustained no injury that is capable of being redressed by a favorable decision. *See Lynch*, 205 S.W.3d at 395; *Metro. Air Research*, 842 S.W.2d at 615. Each of these elements is required to establish standing, *Lynch*, 205 S.W.3d at 395, and Plaintiffs failed to establish any of them; therefore, the trial court correctly concluded that Plaintiffs lack standing.

The foregoing notwithstanding, Plaintiffs present an alternative theory to insist they have the right and responsibility to bring this action to redress alleged wrongs that injured others. Because the administrator ad litem refused to challenge the validity of the inter vivos transfers, Plaintiffs contend the validity of the inter vivos transfers will go unchallenged unless they are permitted to proceed.[4] We note, however, that Plaintiffs have cited no authority that supports the theory that anyone with the best of intentions may bring an action to remedy a perceived wrong if no one else will. Instead, Plaintiffs rely on one of the exceptions to the principle that the personal representative of a decedent's estate has "the duty to represent the interests of the estate and, to the extent of their expectancy interest, *the interests of the beneficiaries of the estate*." *Estate of Hendrickson*, No. M2008-01332-COA-R9-CV, 2009 WL 499495, at *5 (Tenn. Ct. App. Feb. 25, 2009) (emphasis added). The exception is that another may bring an action on behalf of a decedent's estate where it is established that the personal representative is in collusion with the debtor or the personal representative is refusing to take the necessary steps to recover a debt that is about to be lost. *Id.* at *7. We have determined that Plaintiffs' reliance on this exception is misplaced for two reasons.

First, the personal representative of a decedent's estate has the duty to represent only the interests of the estate and *the interests of the beneficiaries*. *Id.* at *5. Decedent's will was admitted to probate without contest, Plaintiffs are not beneficiaries of the estate, and they have no expectancy interest in the estate as a matter of law. Therefore, the

---

[3]Plaintiffs did not request a continuance to afford them additional time to contest the will prior to the trial court's ruling on the motion for summary judgment. Therefore, they cannot contend, for the first time on appeal, that they were deprived of the opportunity to contest the will prior to the grant of summary judgment on the issue of standing. *See Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007) (noting that "issues raised for the first time on appeal are waived").

[4]The theory proposed by Plaintiffs appears to be a variation of the Good Samaritan doctrine, a "Good Plaintiff" doctrine of sorts.

administrator ad litem owes no duty to Plaintiffs to pursue the action recommended by Plaintiffs. *See id.*

Second, the fact that, in certain circumstances, someone other than the personal representative may maintain a civil action on behalf of the estate does not confer standing upon any well-meaning person or relative who seeks to vindicate the rights of the estate or its beneficiaries. To maintain any civil action, the well-meaning person or relative must demonstrate that she has standing. *See Lynch*, 205 S.W.3d at 395. Thus, to be entitled to maintain an action to protect the interests of the estate or the beneficiaries of the estate, the well-meaning person or relative would have to establish that she has suffered a "distinct and palpable injury," with a causal connection to the challenged conduct that is capable of being redressed by a favorable decision of the trial court. *Lynch*, 205 S.W.3d at 395; *Metro. Air Research*, 842 S.W.2d at 615; *see Browning-Ferris Indus., Inc.*, 644 S.W.2d at 402. Where a party cannot show that she has met these elements, she does not have standing.

Plaintiffs have not established that they have suffered a "distinct and palpable injury," with a causal connection to the challenged conduct that is capable of being redressed by a favorable decision of the trial court. Therefore, the trial court correctly concluded that Plaintiffs lack standing, and dismissal of the case was appropriate.

## II. REMAINING ISSUES

The trial court also granted Defendant's Rule 12.02(6) motions to dismiss on both standing and on the statute of limitations. We find, however, that these issues have been rendered moot by our finding that summary judgment was appropriate; therefore, it is unnecessary to review same.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiffs.

_____
FRANK G. CLEMENT, JR., JUDGE