**FILED**
**May 02, 2019**
**11:20 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| Kimberly Vickers, | ) | Docket No. 2018-06-0149 |
|     Employee, | ) | |
| v. | ) | |
| Amazon, | ) | State File No. 8788-2015 |
|     Employer, | ) | |
| And | ) | |
| American Zurich Ins. Co., | ) | Judge Kenneth M. Switzer |
|     Carrier. | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on April 29, 2019, on Amazon's Motion for Summary Judgment. The issue is whether Amazon is entitled to summary judgment because Kimberly Vickers failed to file her claim within the statute of limitations. For the reasons below, the Court finds she did not timely file and grants the motion.

### History of Claim

Ms. Vickers became injured at work on December 23, 2014. Amazon accepted the claim and provided treatment. According to Amazon's Statement of Undisputed Material Facts, it last provided benefits on November 12, 2015. Ms. Vickers agreed that Amazon last provided benefits on November 12, 2015, for purposes of this motion only.[1] Ms. Vickers filed a Petition for Benefit Determination on January 29, 2018. Her opposition to this motion focuses on her attempts to file a petition before that date.

Ms. Vickers's counsel's former legal assistant emailed the Bureau of Workers' Compensation via the ombudsman program address on November 2, 2016, with attachments. The email stated, "The original signed Petition has been forwarded by first

---

[1] The parties agreed that Amazon voluntarily paid benefits in 2018 for treatment administered in 2015. This does not extend the limitations period. "Voluntary payments of compensation and medical treatment occurring after the statute of limitations has already run are of no effect." *Dye v. Witco Corp.,* 216 S.W.3d 317, 321 (Tenn. 2007).

class mail today." The attached letter stated, "Enclosed please find a copy of the 'Petition for Benefit Determination' form that was emailed to the designated email address on November 2, 2016. I would appreciate your acknowledging, either by mail, email or both that you have received this Petition." The letter did not copy Amazon's carrier or opposing counsel. Ms. Vickers admitted, again for purposes of this motion only, that she has no return receipt or any type of certificate of service documenting the filing of any petition in the years 2014 through 2017.

Ms. Vickers attached affidavits from her attorney and his current legal assistant in response to the motion. They testified that the email sent to the ombudsman address on November 2, 2016, was not returned as "undeliverable." Counsel further stated that the copy of the petition that was sent via regular mail on the same date was never returned to his office.

Amazon argued that Ms. Vickers did not file the petition within the statute of limitations. Ms. Vickers countered that the November 2, 2016 email and letter are a "timely filing."

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

Amazon must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Vickers's claim, or (2) demonstrate that Ms. Vickers's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2018); see also Rye v. Women's Care Ctr. of Memphis, MPLLC, 477 S.W.3d 235, 264 (Tenn. 2015). If Amazon is successful in meeting this burden, Ms. Vickers must then establish that the record contains specific facts upon which a trier of fact could base a decision in her favor. Rye, at 265.

The applicable part of Tennessee Code Annotated section 50-6-203(b)(2) provides the right to compensation is barred unless a petition for benefit determination is filed within one year from the time the employer ceased to make payments of compensation. Tennessee Code Annotated section 50-6-203(c) provides the issuing date of the last payment of compensation by the employer constitutes the time the employer ceased making payments. Ms. Vickers agreed with Amazon that it made the last payment of legal significance here on November 12, 2015. Therefore, she needed to file a petition on or before November 12, 2016. However, Ms. Vickers' petition is stamped as "filed" on January 29, 2018, over one year and two months after the limitations period expired.

2

Amazon directed the Court's attention to rules defining the term "filed." It cited the Bureau's General Rules definition, which apply to the Bureau as a whole. The rules specific to practice in the Court of Workers' Compensation Claims also contain a definition of "filed," which provides in relevant part: "For purposes of this chapter, a pleading or other document required to be sent to the court shall be considered filed . . . *when the material being transmitted reaches the [Bureau] or its designated agent,* if transmitted by first-class mail, facsimile, [or] electronic mail[.]" Tenn. Comp. R. & Regs. 0800-02-21-.02 (June, 2015) (emphasis added). An email to an ombudsman, where there is no proof that an ombudsman or any other Bureau staff received it or provided the requested acknowledgment of receipt, cannot suffice as proof of filing. Stated another way, Ms. Vickers submitted no proof that her email or letter reached the Bureau.

Ms. Vickers's counsel correctly observed that the petition instructs to email the form to the ombudsman address. However, as previously noted, he offered no proof that the Bureau received the petition; rather, he offered proof that the petition did not return to his office. The two are not equivalent. He also gave no explanation for his failure to follow up with the Bureau within a reasonable time when he did not receive a file-stamped copy of the petition. Rather, he waited well over two years before filing the petition.

Counsel further argued that a grant of summary judgment on this issue is an inequitable result. However, the above-quoted summary judgment standards do not allow for a consideration of the equities. The Court does not enter judgment lightly but is bound to apply the law as it is written. The one-year statute of limitations makes no exception for attempts at filing.

Therefore, the Court holds Ms. Vickers did not file her petition within one year from the time Amazon made its last payment of compensation. The Court must hold that Ms. Vickers's right to compensation is barred under the statute of limitations.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon's Motion for Summary judgment is granted, and Ms. Vickers's claim for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to Amazon under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2018), to be paid to the Court Clerk within five days of the entry of this order, and for which execution may issue as necessary.

3. Amazon shall prepare and submit the SD-2 to the Court Clerk within ten days of the date of judgment.

3

4. Absent appeal, this order shall become final thirty days after entry.

**ENTERED May 2, 2019.**

_Kenneth M. Switzer (signature)_

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to the following recipients by these methods of service on May 2, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Jennings, Employee's Attorney | | | X | mjenningslaw@aol.com |
| Troy Hart, Tiffany Sherrill, Employer's Attorneys | | | X | wth@mijs.com; tbsherrill@mijs.com |

_Penny Shrum (signature)_

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____ , 20 ___ .


[Signature of appellant or attorney for appellant] _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month | |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month | |
| Water | $ _____ per month | | Clothing | $ _____ per month | |
| Gas | $ _____ per month | | Child Care | $ _____ per month | |
| Transportation | $ _____ per month | | Child Support | $ _____ per month | |
| Car | $ _____ per month | | | | |
| Other | $ _____ per month (describe: _____ ) | | | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) _____ | |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) _____ | |
| Other | $ _____ | Describe:_____ | |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____