



FILED
Aug 20, 2019
01:38 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kimberly Vickers | ) | Docket No. 2018-06-0149 |
| | ) | |
| v. | ) | State File No. 8788-2015 |
| | ) | |
| Amazon, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

## Affirmed and Certified as Final

---

In this compensation appeal, the trial court concluded the employee's petition for benefits was untimely and granted the employer's motion for summary judgment. The employee has appealed, arguing the trial court erred in concluding there were no genuine issues of material fact regarding the timeliness of the petition for benefits. Upon careful review, we affirm the trial court's order granting summary judgment, deny the employer's request for attorneys' fees, and certify the order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Michael Jennings, Lebanon, Tennessee, for the employee-appellant, Kimberly Vickers

W. Troy Hart and Tiffany B. Sherrill, Knoxville, Tennessee, for the employer-appellee, Amazon

## Factual and Procedural Background

Kimberly Vickers ("Employee"), a resident of Wilson County, Tennessee, worked for Amazon ("Employer") at its Murfreesboro facility. Employee alleges that on December 23, 2014, she suffered injuries to her left shoulder and neck as the result of a fall on a loading dock. She sought medical care the following day at AmCare, Employer's on-site clinic.[1]

---

[1] Because of the procedural posture of this case, the record contains little evidence concerning the nature of Employee's alleged injuries or her medical care. Because those facts are not relevant to the legal issue on appeal, we need not discuss Employee's medical status further.

On November 2, 2016, a legal assistant for Employee's attorney sent an email to "wc.ombudsman@tn.gov," to which a petition for benefits was attached.[2] The email indicated the petition was also being forwarded to the Tennessee Bureau of Workers' Compensation ("Bureau") via United States mail. Employee submitted a copy of a cover letter dated November 2, 2016, which purportedly accompanied the petition for filing. There is no evidence in the record indicating the email or petition was received by an ombudsman or anyone else at the Bureau or that it was marked or stamped filed. Over a year later, when Employee's attorney discovered there was no petition pending with the Bureau, he submitted another petition that was marked "filed" on January 29, 2018.

Thereafter, Employer filed a motion for summary judgment contending that Employee's statute of limitations had expired. In her response to Employer's statement of undisputed facts, Employee admitted that, for purposes of the motion for summary judgment, no benefits had been paid on her claim for more than one year after a medical payment on November 12, 2015.[3] Furthermore, in response to Employer's requests for admissions, Employee admitted she had no documentation from the Bureau indicating that a petition for benefits had been filed at any time between the date of the accident in 2014 and the end of 2017. However, Employee asserted that the November 2, 2016 email to "wc.ombudsman@tn.gov" complied with the instructions provided on the Bureau's Petition for Benefit Determination form and that the email with attachments constituted a valid and timely filing of her petition. Employee further alleged that her attorney's office never received an error message or notification that the November 2, 2016 email was returned "undeliverable."[4]

Following a hearing on Employer's motion for summary judgment, the trial court entered an order on May 2, 2019 granting Employer's motion. The trial court reasoned that an unsuccessful attempt to transmit for filing a petition for benefits, absent proof that it had been received and filed by the Bureau, could not toll the applicable statute of limitations. Employee has appealed.

---

[2] It is unclear why the "Petition for Benefit Determination" form provided by the Bureau of Workers' Compensation includes an email address only for the Bureau's ombudsman program but not for the clerk of the Court of Workers' Compensation Claims.

[3] The record is inconsistent regarding the date of the last voluntary payment, identifying both November 12, 2015 and November 12, 2016 as the date Employer last made a voluntary payment. Regardless of which date is correct, it is clear that more than one year passed after the last voluntary payment and before the filing of Employee's petition in January 2018. The parties agree that another payment was made by Employer in January 2018. However, a voluntary payment made after the expiration of a statute of limitations cannot revive an untimely claim. *See Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007).

[4] The cover letter accompanying the petition sent by U.S. mail showed a handwritten correction made to the zip code. There is no indication whether the envelope containing the cover letter and petition had a similar error, or whether a correction had been made to the zip code on the envelope. Regardless, there is no proof in the record that the petition was ever delivered to or received by anyone at the Bureau.

## Standard of Review

A trial court's ruling on a motion for summary judgment is reviewed *de novo* with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied"). We are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

### *Statute of Limitations*

Tennessee's Workers' Compensation Law sets out the limitations period in cases where an employer has voluntarily provided workers' compensation benefits as follows:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

Tenn. Code Ann. § 50-6-203(b)(2) (2018). In the present case, it is undisputed that Employee's last authorized medical appointment was October 8, 2015, the last voluntary payment was issued either November 12, 2015 or November 12, 2016, and no further benefits were paid until January 2018. Therefore, unless Employee's attempt to file a petition on November 2, 2016 tolled the statute of limitations, the eventual filing of her petition in January 2018 was untimely.

### *Filing of Petitions*

The Tennessee Court of Workers' Compensation Claims, which has exclusive jurisdiction over all workers' compensation claims with dates of injury on or after July 1, 2014, conducts all hearings in accordance with the Tennessee Rules of Evidence and the Tennessee Rules of Civil Procedure "unless an alternate procedural or evidentiary rule has been adopted by the administrator." Tenn. Code Ann. § 50-6-239(c)(1). Thus, in examining the process for filing petitions and other pleadings, we must consider both the Rules of Civil Procedure and the rules and regulations applicable to the Bureau.

Rule 3 of the Tennessee Rules of Civil Procedure provides that "all civil actions are commenced by filing a complaint *with the clerk of the court*." Tenn. R. Civ. P. 3 (emphasis added). Moreover, "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint." *Id.* We have previously concluded that a petition for benefit determination is the Bureau's general equivalent of a complaint as contemplated in the Tennessee Rules of Civil Procedure. *Valladares v. Transco Prods., Inc.*, No. 2015-01-0117 & -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *17 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Thus, unless the Bureau's administrator has adopted an alternate procedural rule, petitions for benefit determination must be filed with the clerk of the Court of Workers' Compensation Claims in order to commence a cause of action for workers' compensation benefits.

The rules and regulations applicable to the Tennessee Court of Workers' Compensation Claims define the word "filed" as follows:

> [A] pleading or other document required to be sent to the court shall be considered filed only on the date and time received by the *clerk* if delivered by hand to *the clerk's offices* in Nashville or any other office maintained by the Bureau during normal business hours; on the date posted to the *clerk* if sent by U.S. certified or registered mail, return receipt requested, or other equivalent manner; *or when the material being transmitted reaches the Bureau or its designated agent, if transmitted by first class mail, facsimile, electronic mail or other means of electronic transmission approved or required by the Bureau*.

Tenn. Comp. R. & Regs. 0800-02-21-.02(14) (2018) (emphases added).[5] This rule identifies the clerk of the court as the designated agent of the Bureau for purposes of receiving documents to be filed with the court. It does not identify ombudsmen or ombudsmen-attorneys as agents of the Bureau for purposes of receiving documents to be filed.[6]

In addition, Tennessee Code Annotated section 50-6-216 governs the Bureau's ombudsman program. This program is designed to "assist injured or disabled employees,

---

[5] As of August 1, 2019, this definition was amended as follows: "For purposes of this chapter, a document is considered filed: (a) on the date and time received by the clerk if hand-delivered to any bureau office during normal business hours; (b) on the date posted to the clerk if sent by U.S. certified or registered mail, return receipt requested, or its equivalent; (c) on the date the document reaches the clerk if transmitted by first-class mail, facsimile, or by electronic transmission approved by the bureau; or (d) on the date and time filed in TNComp." Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2019).

[6] The General Rules of the Workers' Compensation Program also define the word "file," stating that a document is not successfully filed with the Bureau unless "its acceptance is acknowledged by the Bureau." Tenn. Comp. R. & Regs. 0800-02-01-.02(8) (2018).

persons claiming death benefits, employers, and other persons in protecting their rights," but is available "only to those individuals or organizations that are not represented by an attorney in the claim for workers' compensation benefits." Tenn. Code Ann. § 50-6-216(a) (2018). Nothing "of legal significance that occurs in the presence of an ombudsman" is admissible as evidence in court. Tenn. Code Ann. § 50-6-216(b). An ombudsman's authority includes: (1) providing information to unrepresented parties about the parties' rights and responsibilities under the law; (2) explaining the process for resolving workers' compensation claims; (3) attempting to resolve disputes between the parties without resort to alternative dispute resolution or court proceedings; (4) communicating with all parties and medical care providers; (5) assisting in the completion of forms; and (6) facilitating the exchange of medical records. Tenn. Code Ann. § 50-6-216(e)(2). An ombudsman cannot be called to testify in any proceeding, Tennessee Code Annotated section 50-6-216(e)(4), and "shall terminate all services" upon learning that a party being assisted has retained an attorney, Tennessee Code Annotated section 50-6-216(e)(5). The rules governing the Court of Workers' Compensation Claims and alternative dispute resolution reiterate the role of ombudsmen and their duties. Tenn. Comp. R. & Regs. 0800-02-21-.04 (2018).[7] Nothing in the statute or rules indicates that ombudsmen or ombudsmen-attorneys are designated by the Bureau to receive documents for filing with the Court of Workers' Compensation Claims.

In short, a petition for benefit determination commences a cause of action when it is filed with the clerk of the Court of Workers' Compensation Claims. An email sent to a Bureau ombudsman, even if a petition is attached to the email, does not comply with the filing requirements of the Tennessee Rules of Civil Procedure or the rules and regulations applicable to the Bureau and the Court of Workers' Compensation Claims. Therefore, we conclude that Employee's attempt to submit a petition for filing by attaching it to an email addressed to a Bureau ombudsman did not constitute a "filing" and did not toll the applicable statute of limitations.

Finally, Employer has requested that we find Employee's appeal to be frivolous and award it attorneys' fees. The issue of what constitutes the proper procedure for filing documents with the Court of Workers' Compensation Claims is one of first impression. Under such circumstances, we conclude Employee's appeal was not frivolous, and we decline to award Employer attorneys' fees.

**Conclusion**

For the foregoing reasons, the trial court's order granting summary judgment is affirmed and certified as final, and Employer's request for attorneys' fees is denied. Costs on appeal are taxed to Employee.

---

[7] The rules discussing the role of ombudsmen were amended as of August 1, 2019, and are now located at Tenn. Comp. R. & Regs. 0800-02-21-.09 (2019).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kimberly Vickers | ) | Docket No. 2018-06-0149 |
| | ) | |
| v. | ) | State File No. 8788-2015 |
| | ) | |
| Amazon, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of August, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Michael R. Jennings | | | | | X | mjenningslaw@aol.com |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Tiffany B. Sherrill | | | | | X | tbsherrill@mijs.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood* (signature)

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov