**FILED**
**Nov 09, 2023**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Frank Allen,** | ) | **Docket No. 2023-06-2249** |
| **Employee,** | ) | |
| **v.** | ) | |
| **United Cabinet Corp., LLC,** | ) | **State File No. 17763-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **AmTrust North America,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

United Cabinet Corporation filed a motion for summary judgment, arguing that there are no genuine issues of material fact regarding whether the statute of limitations bars Frank Allen's claim. For the reasons below, the Court grants the motion and dismisses the claim with prejudice.

### Claim History

United Cabinet filed a statement of undisputed material facts, summarized as follows:

1. Mr. Allen alleged he suffered an accident while working for United Cabinet on February 22, 2022.
2. Mr. Allen never received direct monetary payments from United Cabinet for his claim for the February 22, 2022 accident.
3. United Cabinet has not issued voluntary payments to or on behalf of Mr. Allen for his workers' compensation claim.
4. Mr. Allen received no medical treatment from United Cabinet until February 23, 2023.
5. United Cabinet made voluntary payments on behalf of Mr. Allen for medical expenses on March 28, 2023.

6. On March 29, 2023, Mr. Allen filed a petition for benefit determination for a hernia he sustained on February 22, 2022.

United Cabinet supports these facts with the petition for benefit determination, excerpts from Mr. Allen's deposition, and the declaration of claims adjuster Shakira Holland. Her declaration included an attached spreadsheet showing payments by the carrier for Mr. Allen's medical treatment.

Mr. Allen responded and disputes facts three and four above. He contends that he saw on-site nurse Deana Cook with Archer Health on February 21, 2023, and United Cabinet paid for her services. He attached a letter signed by Ms. Cook confirming the February 21, 2023 visit. He further argues the existence of other disputed facts, such as that he immediately reported the injury to a supervisor, who took no action. Mr. Allen did not cite to the record to support the additional facts.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, United Cabinet must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Allen's claim, or (2) demonstrate that Mr. Allen's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015).

If United Cabinet does either or both, Mr. Allen must respond by producing specific facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. Rule 56.03 states, "Each disputed fact must be supported by specific citation to the record." As to the record, Rule 56.04 allows a court to consider only "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."

United Cabinet argues the Court should grant summary judgment because it demonstrated that Mr. Allen did not timely file a petition, so his claim is barred. Tennessee Code Annotated section 50-6-203(b)(1) states that when the employer has not paid workers' compensation benefits to or on behalf of the employee, "the right to compensation is forever barred unless . . . a petition for benefit determination is filed" within *one year* after the work accident.

Here, the undisputed, properly supported facts show that United Cabinet's carrier did not make a payment of benefits until March 28, 2023, more than one year after Mr. Allen's date of injury. Mr. Allen did not file his petition until March 29, 2023.

Mr. Allen contends that he saw Ms. Cook on February 21, 2023, within one year of the date of injury, and United Cabinet paid for that visit. United Cabinet counters that the carrier did not pay for the onsite nurse, who offers generalized care for all employees. United Cabinet's position overlooks the definition of "employer" in section 50-6-102(11), which states that "[i]f the employer is insured, it shall include the employer's insurer[.]" United Cabinet and its carrier are one and the same.

Importantly, however, the proof Mr. Allen offers, a letter from Ms. Cook, does not fall within the category of documents that may be considered on summary judgment (pleading, deposition, answer to interrogatories, admission, or affidavit). Had he supported this assertion with one of those items, summary judgment would likely be inappropriate.

As to Mr. Allen's other contentions, such as his supervisor taking no action when he timely reported the claim, he offers no proof in an acceptable form.

The Court previously found Mr. Allen credible and sincere after an expedited hearing. However, the Court cannot excuse Mr. Allen, who is self-represented, from complying with the substantive and procedural rules that represented parties must observe. *Walton v. Averitt Express, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (June 2, 2017).

Beyond the procedural deficiency, case law does not support Mr. Allen's claim. The Tennessee Supreme Court has long held that "[v]oluntary payments of compensation and medical treatment occurring after the statute of limitations has already run are of no effect." *Dye v. Witco Corp.,* 216 S.W.3d 317, 321-322 (Tenn. 2007).

Therefore, United Cabinet negated that Mr. Allen timely filed his petition. It also demonstrated that his rebuttal evidence is insufficient. United Cabinet's motion for summary judgment is granted.

**IT IS ORDERED** as follows:

1. Mr. Allen's claim for workers' compensation benefits is dismissed with prejudice to its refiling. The status hearing set for November 13 is canceled. Unless appealed, this order becomes final in thirty days.

2. United Cabinet shall pay the $150 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06.

3.  United Cabinet shall file Form SD-2 with the Clerk within ten business days of this order becoming final.

**ENTERED November 9, 2023.**

_Kenneth M. Switzer_
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of this Order was sent as indicated on November 9, 2023.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|----------------|--------------|-------|---------|
| Frank Allen, employee | | X | X | mitchfallen@gmail.com<br>60 Williamsburg Rd.<br>Mt. Juliet, TN  37122 |
| Houston Gunn, Greg Fuller, employer's attorneys | | | X | hmgunn@mijs.com<br>ghfuller@mijs.com |

_Penny Shrum_
_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*