IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 10, 2019 Session

## ROBERT JOHNSON v. MEMPHIS GUITAR SPA, LLC

**Appeal from the Circuit Court for Shelby County**
**No. CT-002687-17  Rhynette N. Hurd, Judge**

_____

### No. W2018-00665-COA-R3-CV

_____

After losing in general sessions court, Plaintiff attempted to appeal the judgment to the circuit court. Defendant filed a motion to dismiss and a counterclaim in the circuit court. Plaintiff's appeal was thereafter dismissed for lack of subject matter jurisdiction because it was not perfected in a timely manner. The circuit court then entered a default judgment against the Plaintiff based upon Plaintiff's failure to respond to the counterclaim. Plaintiff appeals, arguing that the circuit court lost subject matter jurisdiction over the counterclaim upon the dismissal of the appeal. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Ted I. Jones, Memphis, Tennessee, for the appellant, Robert Johnson.

David I. Feigelson and Logan A. Klauss, Memphis, Tennessee, for the appellee, Memphis Guitar Spa, LLC.

### OPINION

#### BACKGROUND

Robert Johnson ("Appellant") initiated the present action on February 10, 2017, by filing a civil warrant in the Shelby County General Sessions Court ("general sessions court") against The Memphis Guitar Spa, LLC ("Appellee"). The civil warrant alleged that Appellee was liable for conversion, breach of contract, and damage to Appellant's personal property.[1] Appellee then filed a cross civil warrant against Appellee. On May

_____

[1] Specifically, the warrant alleges "damages to personal property and musical instruments left for

31, 2017, the general sessions court entered a judgment in favor of Appellee, as well as a voluntary nonsuit as to Appellee's cross warrant. Thereafter, Appellant attempted to appeal the general sessions judgment to the Circuit Court for Shelby County ("trial court" or "circuit court") by filing a notice of appeal on June 12, 2017. However, Appellant did not pay the cost bond associated with the appeal until June 13, 2017, one day later, and outside of the ten-day window for perfecting an appeal to the circuit court. *See* Tenn. Code Ann. § 27-5-108(a)(1) ("Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter.").

Due to this omission, Appellee filed a motion to dismiss on June 30, 2017 asserting that Appellant's late payment rendered the appeal from the general sessions court untimely, thereby depriving the trial court of subject matter jurisdiction over the matter. Appellant did not respond to the motion to dismiss. Appellee then filed, on August 18, 2017, a counterclaim against Appellant alleging breach of contract based upon what Appellee asserts is a different set of facts from that of Appellant's initial claim.[2] Therein, Appellee asserted that it had expended labor and resources repairing guitars belonging to Appellant based upon an oral agreement between the parties. Appellee alleged that it had never been paid by Appellant for this work, and requested that it be awarded compensatory damages as well as pre- and post-judgment interest.

On August 25, 2017, the trial court granted Appellee's motion to dismiss, agreeing that it lacked subject matter jurisdiction over Appellant's original appeal from the general sessions court. Then, on October 13, 2017, Appellee filed a motion for default judgment alleging that Appellant had not answered Appellee's counter-complaint in a timely manner, and that as such Appellee was entitled to a judgment in its favor. Appellant thereafter filed an answer on October 30, 2017, wherein he denied the substantive allegations in Appellee's counterclaim and asserted the affirmative defenses of laches, estoppel, and the statute of frauds. Appellant did not, however, file a response to Appellee's motion for default judgment.

After a hearing on November 17, 2017, the trial court granted Appellee's motion for default judgment based upon Appellant's failure to answer the counterclaim in a timely manner, and his failure to respond to the motion for default judgment all together. The issue of damages, however, was reserved for an evidentiary hearing to be held later. At this hearing, held on February 21, 2018, the trial court briefly addressed whether it could retain subject matter jurisdiction over the counterclaim since the initial appeal had been dismissed. Apparently concluding that it could, the trial court proceeded to hear testimony from a witness of Appellee, and then orally ruled that Appellee was entitled to

---

service and repair which have not been returned or repaired."
    [2] Appellee maintains on appeal that the counterclaim at issue is a permissive counterclaim rather than a compulsory counterclaim. Appellant does not dispute this characterization.

compensatory damages of $2,487.50, plus interest. An order was entered March 13, 2018, reflecting that the total damages awarded to Appellee were $3,256.92. Appellant filed a timely notice of appeal to this Court on April 12, 2018.

## ISSUE PRESENTED

Appellant raises only one issue for review: Whether the trial court erred in awarding a default judgment against Appellant.

## ANALYSIS

In arguing that the trial court erred in granting judgment in favor of Appellee, Appellant's argument can essentially be divided into two theories: (1) that the trial court lacked subject matter jurisdiction over his claim due to the dismissal of the general sessions appeal; and (2) that the trial court lacked personal jurisdiction over him due to insufficient service of process.[3] We begin, as we must, with the issue of the trial court's subject matter jurisdiction.

In addressing subject matter jurisdiction, our supreme court has previously explained:

> The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

The present action originally came to the circuit court on appeal from the general sessions court. As such, no one disputes that had Appellant timely perfected an appeal to the circuit court, the circuit court would have had subject matter jurisdiction over the

---

[3] As noted *infra*, Appellant's argument is not well-supported. The general basis of Appellant's argument, however, is clear from his brief.

action. *See* **Griffin v. Campbell**, 439 S.W.3d 899, 902 (Tenn. 2014) (recognizing that Tennessee law "confers on the circuit court 'appellate jurisdiction of all suits and actions, of whatsoever nature, unless otherwise provided, instituted before any inferior jurisdiction, whether brought by appeal, certiorari, or in any manner prescribed by law.'") (citing Tenn. Code Ann. § 16-10-112); *see also* Tenn. Code Ann. § 27-5-108(a)(1) ("Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter."). There is likewise no dispute that due to Appellant's failure to timely pay the bond for costs, the circuit court was deprived of subject matter jurisdiction over Appellant's claim. **Griffin**, 439 S.W.3d at 902 ("[F]iling a bond within the ten-day period is a condition precedent to the timely perfection of an appeal.") (citing **Love v. Coll. Level Assessment Servs. Inc.**, 928 S.W.2d 35, 38 (Tenn. 1996) (acknowledging that timely perfection of an appeal from a general sessions court is mandatory and that the circuit court lacks subject matter jurisdiction otherwise)).

The question now facing this Court, however, is whether the circuit court maintained subject matter jurisdiction over Appellee's counterclaim, despite the fact that the original appeal from general sessions court was dismissed by the circuit court for lack of subject matter jurisdiction. In Appellant's view, because his appeal was dismissed, "there was absolutely no jurisdiction for a counterclaim, and Appellee should have been required to file a separate, new, and independent suit."[4] Appellant essentially avers that his general sessions appeal and Appellee's permissive counterclaim filed in the circuit court are somehow inextricably linked, such that the dismissal of the general sessions appeal likewise demands dismissal of the permissive counterclaim.

In contrast, Appellee asserts that the circuit court properly exercised jurisdiction over Appellee's counterclaim because "a circuit court has the authority to separate claims over which it has no subject matter jurisdiction from counterclaims over which it does have subject matter jurisdiction." In support, Appellee relies on this Court's opinion in **Bevels v. Tubbs**, No. W2012-02375-COA-R3-CV, 2013 WL 6212222 (Tenn. Ct. App. Aug. 22, 2013), as well as Tennessee Rules of Civil Procedure 42.04 and 13.09. Having

---

[4] As a threshold matter, we note that Appellant has cited no law in support of his position, aside from Tennessee Rule of Civil Procedure 13.01, which addresses compulsory counterclaims and is thus inapplicable to the present case. Although it is certainly not this Court's role "to research or construct a litigant's case or arguments for him or her," we proceed to consider the merits of this appeal in light of the fact that Appellee was able to fully brief this argument and the dispositive issue is the trial court's subject matter jurisdiction. **Sneed v. Bd. of Prof' Resp. of Supreme Court**, 301 S.W.3d 603, 615 (Tenn. 2010); **Dishmon v. Shelby State Cmty. Coll.**, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) ("Among the issues most commonly considered by appellate courts on their own motion is the trial court's subject matter jurisdiction.") (internal citations omitted); **Landers v. Jones**, 872 S.W.2d 674, 675 (Tenn. 1994) ("[S]ubject matter jurisdiction cannot be waived"). Under different circumstances, however, an argument as "skeletal" as Appellant's would likely be considered waived. **Sneed**, 301 S.W.3d at 615 ("[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

reviewed the record on appeal and the applicable law, we are persuaded by Appellee's position.

In **Bevels**, we addressed a factual situation analogous the present case. The original suit in **Bevels** was brought in general sessions court when a landlord filed a civil warrant against his tenants for unpaid rent. **Id.** at *1. In response, the tenants sought to have the action removed to the circuit court on the basis that they had a substantial defense to the landlord's claim and they planned on bringing a counterclaim that would exceed the jurisdictional limits of general sessions court. **Id.** (citing Tenn. Code Ann. 16-15-732 (commonly known as "the removal statute"); Tenn. Code Ann. § 16-15-501(d)(1) (2009) (establishing the jurisdictional limit of the general sessions court)). In the application for removal, the tenants alleged that they posted a sufficient cost bond; in reality, the tenants paid the general sessions court clerk $150.00, as requested by that office. **Id.** at *4. The general sessions court granted the removal motion and the case was transferred to circuit court. **Id.** at *2. The tenants filed an answer, counterclaim, and third-party complaint in the circuit court. **Id.** The tenants paid $325.00 for court costs at the time they filed these pleadings. **Id.**

The litigation proceeded in a typical fashion until April 2012, when the circuit court *sua sponte* directed the parties to show cause as to why the matter should not be remanded back to the general sessions court in light of concerns that the trial court lacked subject matter jurisdiction. **Id.** at *3. This concern was based upon two different issues: (1) the tenants' failure to file a sufficient cost bond, and (2) the fact that the removal statute the tenants relied on in transferring the case from the general sessions court was inapplicable to Shelby County at the time.[5] **Id.** The trial court's "show cause order did not differentiate between the [o]wner's original claim and [t]enants' counterclaim; it simply referred to 'the within cause.'" **Id.**

The tenants objected to the suggestion that the trial court lacked subject matter jurisdiction, but alternatively "asked the circuit court to retain jurisdiction over the counterclaim even if it remanded the original claim to general sessions court."[6] **Id.** In contrast, the landlord argued that the circuit court lacked authority to bifurcate the issues and had "no jurisdiction over the cause of action" as a whole. **Id.** at *4. After a hearing, the circuit court ruled that both the lack of a sufficient cost bond and the inapplicability of the removal statute deprived it of subject matter jurisdiction to consider the landlord's complaint. **Id.** at *5 (describing the trial court's decision as "that it lacked subject matter

---

[5] The inapplicability of the removal statute was related to a provision in that statute stating that it did not apply "in any county having a population of not less than seven hundred seventy thousand (770,000) nor more than seven hundred eighty thousand (780,000), according to the federal census of 1980 or any subsequent federal census." *See* Tenn. Code Ann. § 16-15-732.

[6] There was never any dispute that had the tenants' counterclaim been filed as a separate, independent action in the circuit court, the circuit court would have properly had subject matter jurisdiction over the claim.

jurisdiction"); *see also* Brief of Defendants/Counter-Plaintiffs/Appellants, at xvii, Bevels v. Tubbs, 2013 WL 6212222 (No. W2012-02375-COA-R3-CV) ("In that Order, the court found that it lacked jurisdiction on the grounds that the removal statute, [section] 16-15-732 does not apply in Shelby County, and that [tenants] had failed to comply with Bond requirements set forth in [section] 16-15-732."). As such, the circuit court remanded the landlord's claims back to the general sessions court. *Id.*

The circuit court, however, dismissed tenants' counterclaim and third-party complaint as "legal nullities." *Id.* In reaching this result, the circuit court concluded that "[w]ithout initial jurisdiction, all pleadings documented in this court are to be deemed null and void[,]" and further concluded that it could not rule on the motion to bifurcate because "[t]he motion is rendered not only void but moot." *Id.* The tenants appealed the dismissal of their counterclaim and third-party claim to this Court.[7]

On appeal, we first addressed the trial court's conclusion that it lacked subject matter jurisdiction over the original action due to the lack of a sufficient cost bond. We concluded that the trial court erred in determining that the tenants' cost bond was insufficient in light of a recent opinion of this Court. *See **Bernatsky v. Designer Baths & Kitchens, LLC***, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at \*19 (Tenn. Ct. App. Feb. 15, 2013), *reversed in part by **Griffin v. Campbell Clinic, P.A.***, 439 S.W.3d 899, 904 (Tenn. 2014) (holding that the cost bond statute is unambiguous and is satisfied by the payment of "the standard court cost of $150.00 for appeals to the circuit court" plus state and local litigation taxes). Because the parties did not appeal the remand of the landlord's claims to the general sessions court, we did not address whether the trial court erred in its conclusion that the requirements of the removal statute also precluded the trial court from exercising jurisdiction over the appeal.[8] ***Bevels***, 2013 WL 6212222, at \*11 ("We specifically note that our holding herein does not address the propriety of the trial court's remand of the original claim, so that portion of the order remains intact.").

Next, we considered the tenants' argument that even if the initial appeal from general sessions court was dismissed for lack of subject matter jurisdiction, the trial court still had the authority to proceed on the counterclaim pursuant to the Tennessee Rules of Civil Procedure. On this point, we agreed with the tenants. Indeed, we held that a circuit court has the authority to bifurcate claims over which it has no jurisdiction from claims

---

[7] The landlord promptly nonsuited his remaining claim upon remand to the trial court. Due to the expiration of the statute of limitations and the trial court's dismissal of their counterclaim and third-party complaint, the tenants were effectively deprived of "seeking recourse" in any court. *Id.* at \*9.

[8] Although the tenants raised the issue of the constitutionality and applicability of the removal statute, they also argued that this contention was "alternative" to their primary argument. As discussed at length *infra*, the tenants' primary argument was that the trial court had the authority to bifurcate the claims and retain jurisdiction only over the counterclaim; because this Court ultimately agreed with the tenants, we simply did not address the removal statute.

over which it does have jurisdiction. In reaching this result, we relied primarily on the language of Rules 42.02 and 13.09 of the Tennessee Rules of Civil Procedure:

> Tenants' overarching issue of whether the Circuit Court erred in dismissing their counterclaim and third-party complaint as void does, indeed, implicate Rules 42.02 and 13.09 of the Tennessee Rules of Civil Procedure. Rule 42.02 of the Tennessee Rules of Civil Procedure provides:
>
> > The court for convenience or to avoid prejudice may in jury trials order a separate trial of any one or more claims, cross-claims, counterclaims, or third-party claims, or issues on which a jury trial has been waived by all parties. For the same purposes the Court may, in nonjury trials, order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues.[9]
>
> Tenn. R. Civ. P. 42.02. Rule 13.09 in turn refers to Rule 42; Rule 13.09 provides that when a court separates claims under Rule 42, a judgment may be rendered on a counterclaim even if the original claim from which it was separated is dismissed, so long as the court had subject matter jurisdiction over the claim:
>
> > If the court orders separate trials as provided in Rule 42, judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54 when the court has jurisdiction to do so, even if the claims of the opposing party may have been dismissed or otherwise disposed of.[10]
>
> Tenn. R. Civ. P. 13.09. The advisory commission comment following Rule 13.09 discusses the interplay between these rules. It explains that "Rule 42 empowers the court, in order to avoid inconvenience or prejudice to a party, to order separate trials of one or more cross-claims, counterclaims, etc.," while "Rule 13.09 empowers the court to enter judgment on a cross-claim or counterclaim, even though the claims of the opposing party have been already disposed of."

*Bevels*, 2013 WL 6212222, at *8.

Based on the foregoing, the *Bevels* court concluded that the circuit court had the authority "to render a judgment in the separate counterclaim, even when the original

---

[9] Rule 42.02 has not been amended since the *Bevels* decision.
[10] Again, Rule 13.09 has not been amended since the *Bevels* decision.

lawsuit was dismissed." *Id.* at \*11. The fact that the general sessions appeal had been disposed of for lack of subject matter jurisdiction therefore had no effect on the application of Rules 13.09 and 42.02. Instead, we essentially held that the circuit court had the discretion to separate the claims and retain jurisdiction over the counterclaim despite the fact that the trial court purportedly lacked jurisdiction over the originating claims; thus, it was "plain error" to declare the tenants' counterclaim null and void. *Id.* at \*10. In so holding, we also noted the "strong preference embodied in the Tennessee Rules of Civil Procedure for cases stating a valid legal claim to be decided on their merits." *Id.* at \*11. Accordingly, the trial court's decision was vacated and remanded so that the circuit court could decide, in its discretion, whether to exercise jurisdiction over the tenants' counterclaim. *Id.*

In analyzing *Bevels*, several points are important to keep in mind. First, the trial court's ruling that it lacked subject matter jurisdiction was based not solely on the lack of a sufficient cost bond, but also on the inapplicability of the removal statute. *Id.* at \*5. As such, the reversal of the trial court's ruling on the cost bond issue had no effect on the trial court's ultimate ruling that it lacked subject matter jurisdiction over the landlord's original action. Likewise, we did not overturn this ruling, and in fact described this portion of the trial court's order as "remain[ing] intact." *Id.* at \*11. Consequently, the *Bevels* opinion's discussion of the trial court's subject matter jurisdiction over the counterclaim and third-party complaint essentially assumes that the trial court was in fact deprived of jurisdiction of the original claims raised by the landlord. Indeed, nothing in *Bevels* suggests that this Court's ultimate ruling that the trial court had continuing subject matter jurisdiction over the counterclaim and third-party complaint was the result of any purported error in the trial court's ruling that it lacked jurisdiction over the landlord's original complaint. Rather, this Court's decision that the trial court could retain jurisdiction over these claims was based on this Court's interpretation of the Tennessee Rules of Civil Procedure.

Although there are superficial distinctions between the case-at-bar and *Bevels*, we must conclude that its reasoning is persuasive in this case. While the original complaint was merely remanded in *Bevels*, rather than dismissed, the disposition of both original claims resulted from the trial court's determination that it lacked subject matter jurisdiction. In *Bevels*, however, the court held that the treatment of the original claim that originated in general sessions court was not dispositive of the viability of a counterclaim filed in circuit court. Instead, under *Bevels* and the applicable rules of civil procedure, a counterclaim may be viable notwithstanding the fact that "the claims of the opposing party have been already disposed of,'" even where that disposition was the result of a lack of subject matter jurisdiction. *Id.* at \*8 (quoting Tenn. R. Civ. P. 13.09 advisory committee's cmt.). Rather, that claim should be treated and judged separately from the dismissed claim.

Reviewing Appellee's counterclaim independent of the general sessions appeal reveals that the trial court was correct to retain subject matter jurisdiction. There is no dispute in this case that Appellee's counterclaim could have been brought as an independent action in the circuit court, and that the circuit court could have properly exercised jurisdiction over the claim. *See* Tenn. Code Ann. § 16-10-101 ("The circuit court is a court of general jurisdiction, and the judge of the circuit court shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal."); Tenn. Code Ann. § 16-10-113 ("Notwithstanding any law to the contrary, contracts for goods or services between individuals, partnerships, associations, corporations, governmental entities or limited liability companies are enforceable in either circuit or chancery court in the county where: (1) The defendant may be found; (2) The contract was executed; (3) The goods were provided or were to be provided; or (4) Services were rendered or were to be rendered."). The dismissal of the Appellant's separate claim originating in general sessions court simply had no effect on the trial court's subject matter jurisdiction over the Appellee's separate claim, as granted by the Tennessee General Assembly.

Under the persuasive reasoning in **Bevels**, the dismissal of the general sessions appeal in this situation does not deprive the trial court of subject matter jurisdiction to adjudicate the counterclaim, as "Rule 13.09 permits the [c]ircuit court to render a judgment in the separate counterclaim, even when the original lawsuit is dismissed." **Bevels**, 2013 WL 6212222, at *11. Simply put, the dismissal of a general sessions appeal, even on the basis of a lack of subject matter jurisdiction, does not require the trial court to likewise dismiss any separate claims where the trial court has an independent basis to exercise jurisdiction over those claims. Moreover, given Appellant's inadequate briefing of this issue, we see no reason to depart from the persuasive authority and result arrived at by this Court in **Bevels**. The trial court was therefore well within its discretion in retaining jurisdiction over Appellee's counterclaim notwithstanding the dismissal of the general sessions appeal.

Finally, we briefly address Appellant's second argument on appeal. As previously discussed, Appellant asserts that the trial court erred in granting a default judgment against Appellant due to a deficiency in the service of process of Appellee's counter complaint. This assertion is problematic for several reasons.

First, Appellant answered Appellee's counterclaim after both the counter-complaint and the motion for default judgment had been filed, and never raised the issue of insufficient process or service of process in the answer. It is well-settled that when a litigant files an answer to a complaint and does not therein or by separate motion raise the issue of insufficiency of process, that defense is waived. *See generally* Tenn. R. Civ. P. 12.02 & 12.08; *see also* **Faulks v. Crowder**, 99 S.W.3d 116, 126 (Tenn. Ct. App. 2002) (concluding that the plaintiff waived the affirmative defense of insufficient service of process where issue was raised years after service was issued and after plaintiff's answer

had been filed); ***Town of Huntsville v. Scott Cty.***, 269 S.W.3d 57, 62 (Tenn. Ct. App. 2008) ("Insufficiency of service of process does not render the filing a nullity; instead, it is merely a defense that must be asserted . . . and if the defense of insufficiency of process is not properly asserted, the issue is waived."); ***Dye v. Murphy***, No. W2003-01521-COA-R3-CV, 2004 WL 350660, at *3 (Tenn. Ct. App. 2004) ("[A] party who files a motion or responsive pleading but does not raise the defenses of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service is deemed to have waived those defenses."). Accordingly, because Appellant failed to raise the issues of insufficient process and service of process in his answer to Appellee's counter-complaint, these defenses are waived.

Likewise, Appellant raises the issue of insufficient process and service of process for the first time on appeal. It is well-settled that this Court does not consider issues raised in this manner, as our jurisdiction is appellate only. ***Fayne v. Vincent***, 301 S.W.3d 162, 171 (Tenn. 2009) (citing ***In re M.L.P.***, 281 S.W.3d 387, 394 (Tenn. 2009); ***Dye v. Witco Corp.***, 216 S.W.3d 317, 321 (Tenn. 2007); ***Black v. Blount***, 938 S.W.2d 394, 403 (Tenn. 1996)). In light of the foregoing, we need not address Appellant's argument that he was never properly served with Appellee's counter-complaint.

Appellee does not raise any arguments in this appeal that the granting of the default judgment or the award of damages was flawed in any other respect. Having determined that both arguments raised by the Appellant are without merit, the order of the trial court granting Appellee's motion for default judgment is affirmed in all respects.

**CONCLUSION**

The order of the Shelby County Circuit Court is hereby affirmed, and this case remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant, Robert Johnson, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE