

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

FILED
Mar 19, 2024
01:58 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | |
|---|---|
| Frank M. Allen | ) Docket No. 2023-06-2249 |
| | ) |
| v. | ) State File No. 17763-2023 |
| | ) |
| United Cabinet Corporation, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

## Affirmed and Certified as Final

---

In this appeal, the employee asserts the trial court erred in granting the employer's motion for summary judgment and dismissing his petition with prejudice. The employer asserts that the employee's claim is barred by the statute of limitations because he failed to timely file a petition for workers' compensation benefits within one year of the alleged accident. The employer also contends it did not issue payments to or on behalf of the employee related to his claim for benefits within one year of the alleged accident. The court granted summary judgment based on the expiration of the statute of limitations, and the employee has appealed. Having thoroughly considered the record on appeal, we affirm and certify as final the trial court's order.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner, and Judge Meredith B. Weaver joined.

Frank M. Allen, Mt. Juliet, Tennessee, employee-appellant, pro se

Houston M. Gunn and Gregory H. Fuller, Brentwood, Tennessee, for the employer-appellee, United Cabinet Corporation, LLC

## Factual and Procedural Background

Frank M. Allen ("Employee") asserted that on February 22, 2022, he was lifting heavy paint drums while working for United Cabinet Corporation, LLC ("Employer"), when he developed an inguinal hernia. Employee claims that he reported the incident to his supervisor the same day and was allowed to stop heavy lifting, but Employer took no other action in response to his report. He continued to work, and a year passed without

1

treatment. Employee claimed he did not report the injury to human resources because he believed providing notice to his direct supervisor was the proper protocol.[1]

Sometime thereafter, during a company meeting, Employee learned he could see an onsite company nurse. In February 2023, Employee was seen by the company nurse, Deana Cook, who advised him to report the incident to human resources. After Employee reported the incident to human resources, Employer offered a panel of providers from which Employee selected an occupational medicine clinic. That provider diagnosed Employee with an inguinal hernia and recommended surgery, but Employer had by that time denied his claim. According to the record, on March 28, 2023, Employer issued a payment for certain medical treatment Employee had received. On March 29, 2023, Employee filed a petition for benefit determination for his alleged February 22, 2022 work injury.

Following an unsuccessful mediation, a dispute certification notice was issued that identified compensability, medical benefits, and temporary disability benefits as disputed issues. In addition, Employer asserted, among other defenses, that it did not receive timely notice of an injury by Employee. In June, the court issued a scheduling order setting deadlines for taking Employee's deposition, conducting an expedited hearing, and filing motions for summary judgment.

On September 6, 2023, the court held an expedited hearing. At the close of Employee's proof, Employer moved for a "directed verdict," referring to an involuntary dismissal under Rule 41.02 of the Tennessee Rules of Civil Procedure. The trial court granted Employer's motion on September 11, and relied on *Carillo v. Hurtado*, No. 2021-06-1167, 2023 TN Wrk. Comp. App. Bd. LEXIS 40, at *9-10 (Tenn. Workers' Comp. App. Bd. Aug. 16, 2023), for the proposition that "in the context of an expedited hearing in which an employee seeks an interlocutory order compelling the provision of certain benefits, a defendant in the case can, at the close of the employee's proof, seek a ruling from the court as to whether the employee's evidence fails to support an interlocutory order for benefits." The court also noted that, in *Carillo*, we concluded that the court may grant the motion and deny the request for benefits, which is, in effect, a dismissal of the employee's claim *for interlocutory relief* akin to a dismissal pursuant to Rule 41.02(2). *Id.* at *10. It is *not*, however, a dismissal of the employee's claim as a whole. *Id.*

Relying on this authority, the court noted Employer's argument that, pursuant to Tennessee Code Annotated section 50-6-203(b)(1), Employee failed to file a petition for benefits within one year of the accident resulting in his alleged injury. Although the trial court found Employee to be credible and determined he reported the injury to his

---

[1] According to Employee, the supervisor to whom he reported the work incident was terminated that same day.

supervisor immediately, it nevertheless granted Employer's motion because the evidence showed it had paid no benefits during the year following Employee's alleged injury and he filed his petition more than one year after his alleged injury. In its order, the court noted that this was a "threshold issue, [so] the remaining issues need not be decided at this time."

Thereafter, Employer filed a motion for summary judgment, but this motion was denied on procedural grounds. Employer refiled its motion on October 5, arguing there were no genuine issues of material fact as to whether the statute of limitations barred Employee's claim. Specifically, Employer alleged that the incident occurred on February 22, 2022; Employer did not pay any benefits to or on behalf of Employee for his claim during the one year period after the incident; Employee received no medical treatment until February 23, 2023; Employer issued a payment for medical care on March 28, 2023; and, on March 29, 2023, Employee filed his petition for benefit determination for an alleged hernia he sustained on February 22, 2022.

In a response filed by Employee, he argued that he saw Nurse Cook on February 21, 2023, within one year of the date of injury, and that Employer paid for that visit. Employee also filed a letter from Nurse Cook dated June 6, 2023, which indicated that she saw Employee on February 21, 2023, and that she referred him to human resources when he informed her that his injury occurred at work. Employer filed a reply, asserting that Nurse Cook's letter was not admissible at a hearing for summary judgment because it was not the type of document identified by Rule 56 as being appropriate for consideration by the court. The trial court agreed with Employer and declined to consider the proof Employee offered because it was not in an admissible form. Following the hearing, the court granted Employer's motion for summary judgment and dismissed Employee's claim with prejudice. Employee has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

**Analysis**

The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by

3

affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."

*Id.* at 264-65.

Employee asserted in his notice of appeal that summary judgment "should never have been granted because there are [disputed] material facts. The nurse was seen on the 21st of February 2023. She first gave me a letter [and] then I had to get her to sign it." Employer argues that the trial court's order should be affirmed because Employee failed to file a brief, stating that, as a result, he "failed to develop an argument in support of his claim and has therefore waived the issues." Further, Employer contends that it satisfied the requirements of Rule 56 of the Tennessee Rules of Civil procedure, entitling it to summary judgment by negating an essential element of Employee's claim.

We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (internal citations omitted). Although Employee did not file a brief, he did submit a document with the title "Statement of Evidence," which reiterated his position that he saw a nurse prior to the expiration of the statute of limitations. Nonetheless, as noted above, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

4

As we have observed on previous occasions, Rule 56 of the Tennessee Rules of Civil Procedure identifies the documents and materials that may be considered by the trial court in ruling on a motion for summary judgment. "[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Rule 56.06 provides that affidavits used to support or oppose a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tenn. R. Civ. P. 56.06. In addition, Rule 56.06 provides that "[e]xpert opinion affidavits shall be governed by Tennessee Rule of Evidence 703." *Id.*

Here, the date of the incident and the date Employee filed his petition for benefit determination are not in dispute. Further, Employer submitted an affidavit from its claims adjuster stating that no temporary disability or medical benefits were paid to or on behalf of Employee before March 28, 2023, and no authorized treatment was provided on or before February 22, 2023. Employee offered no evidence refuting this affidavit. Although Employee attempted to offer into evidence a letter from Nurse Cook, this document was not admissible at a hearing on a motion for summary judgment pursuant to Rule 56.04.[2] Moreover, even if the letter from Nurse Cook had been admitted into evidence and considered by the court, the letter does not create any genuine issue of material fact as to when the work accident occurred, when payments were issued for medical treatment, and when Employee filed his petition for benefits.

In short, Employer presented affirmative evidence that it did not pay any benefits to or on behalf of Employee within one year after the date of the alleged accident, which negated an essential element of Employee's claim. Employer acknowledged making a payment for medical treatment on March 28, 2023, although it did not agree that it was made within the context of a workers' compensation claim. As the trial court noted, however, voluntary payments of compensation that occur after the statute of limitations has run "are of no effect." *Dye v. Witco Corp.*, 216 S.W.3d 317, 321-322 (Tenn. 2007). Thus, we discern no error with the trial court's finding that Employee's claim is barred by the statute of limitations, and we affirm its order granting summary judgment and dismissing Employee's claim.

Finally, Employer asserts Employee's appeal is frivolous and has requested attorneys' fees. Employer contends Employee "only submitted a letter from Ms. Cook which was not in the form of a pleading, deposition, answer to interrogatories, admission

---

[2] Employee contends he saw Nurse Cook on February 21, 2023, within one year of the incident. However, it is undisputed that Employer did not issue payment for medical visits on behalf of Employee until March 28, 2023, after the statute of limitations had expired.

5

on file, or affidavit." It argues that because he submitted no admissible evidence or other proof of a material disputed fact, he had no reasonable chance of succeeding and that his appeal should be deemed frivolous. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (internal citations omitted). Here, Employee sought medical treatment within one year of the date of the accident and argued that his claim was not barred by the statute of limitations. Thus, in considering the totality of the circumstances, we decline to find Employee's appeal frivolous and deny Employer's request for attorneys' fees.

### Conclusion

For the foregoing reasons, we affirm and certify as final the trial court's order granting Employer's motion for summary judgement and dismissing Employee's claim with prejudice. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Frank M. Allen | ) | Docket No. 2023-06-2249 |
| | ) | |
| v. | ) | State File No. 17763-2023 |
| | ) | |
| United Cabinet Corporation, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of March, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Frank Allen | | | | X | mitchfallen@gmail.com |
| Houston M. Gunn<br>Gregory H. Fuller | | | | X | hmgunn@mijs.com<br>ghfuller@mijs.com<br>inhoward@mijs.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Q. yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov