

FILED
Jan 24, 2025
11:06 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Ian-Chanel Payne | ) | Docket No. 2023-05-2463 |
| | ) | |
| v. | ) | State File No. 860156-2023 |
| | ) | |
| Signet Jewelers, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee contends the trial court erred by denying her request for benefits for an alleged work-related mental injury. The employee asserts that a verbal altercation with a coworker is the primary cause of her mental injury and need for medical treatment. Following an expedited hearing, the trial court determined the employee was unlikely to prevail at trial and denied the requested temporary disability and medical benefits. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Ian-Chanel Payne, Smryna, Tennessee, employee-appellant, pro se

G. Gerard Jabaley, Knoxville, Tennessee, for the employer-appellee, Signet Jewelers

### Factual and Procedural Background

Ian-Chanel Payne ("Employee") worked as a sales associate for Signet Jewelers ("Employer") when she was involved in a verbal altercation with another employee on March 3, 2023. Prior to beginning her shift on that date, Employee opened an email from her store manager, Kelly Sandlin ("Sandlin"), regarding allegations that Employee had engaged in inappropriate workplace behavior. In her email, Sandlin related that several employees had reported Employee for unprofessional behavior that made them "uncomfortable." The email did not describe the nature of the reported behavior but warned Employee that such behavior would not be tolerated.

1

Employee contacted Sandlin for more information, but Sandlin was not working that day and indicated they would discuss it in the near future. Although Employee testified differently, Sandlin testified she told Employee not to discuss the email with her coworkers that day during her shift. Regardless, Employee ultimately confronted one of the coworkers during their shared shift on March 3, which resulted in an argument. Employee testified that her coworker made what she perceived as a threatening gesture but admitted there was no physical contact. Sandlin later met with both employees, which led to another verbal altercation, and both employees were sent home from work. Neither employee was disciplined, but, thereafter, Sandlin no longer scheduled Employee to work the same shift as this coworker.[1]

On March 16, Employee saw her primary care physician, Dr. Jian Wei, and reported having increased anxiety because she was "under a lot of stress lately." Dr. Wei determined a referral to psychiatry was appropriate and prescribed Lexapro. Before obtaining any further treatment, Employee filed a petition for benefit determination in April 2023, requesting temporary disability and medical benefits. Employee obtained a Standard Form Medical Report for Industrial Injuries ("Form C-32") from Dr. Wei regarding her condition. On the form, Dr. Wei stated that Employee "has a stressful job. Was threatened by her coworkers." Dr. Wei did not assign an impairment rating but did indicate Employee was restricted from work beginning March 16, 2023 until September 16, 2023. Employer objected to the use of the Form C-32, and the parties took Dr. Wei's deposition in May 2024.[2]

At his deposition, Dr. Wei admitted the medical note from Employee's March 16, 2023 appointment did not identify any specific incident or incidents as having impacted Employee's mental health and did not identify work as a specific cause of Employee's mental health problems. He later testified he may have known at that appointment that Employee had a stressful job but stated that he did not know "any specifics" on that date. Although Dr. Wei confirmed the accuracy of the information he included on the Form C-32, he admitted he did not see Employee during the time period he restricted her from working and deferred to a "specialist" regarding any diagnosis, impairment, or restrictions from working due to her alleged mental injury. Importantly, he also testified that one verbal altercation with no physical contact was not more than fifty percent the cause of Employee's mental condition to a reasonable degree of medical certainty.

---

[1] Employer later terminated Employee for reasons unrelated to the March 3 altercation.

[2] The record does not contain a Notice of Intent to use the Form C-32 filed by Employee, which is required by Tennessee Code Annotated section 50-6-235 (2024). However, the record does include the Notice of Objection filed by Employer, which asserts that the Form C-32 was not properly filed pursuant to the pertinent statute.

An expedited hearing took place on October 17, 2024.[3] The trial court's order stated Employee testified she was "bullied, threatened, and insulted" during the March 3, 2023 incident and that the incident worsened her pre-existing anxiety. The statement of the evidence approved by the trial court reflects that Employee admitted she initiated the interaction with her coworker that led to the verbal altercation. The trial court determined Employee had presented insufficient proof at the expedited hearing stage to show she will likely prevail at trial in proving the compensability of her claim and denied her request for benefits. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at \*6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes, rules, and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

**Analysis**

On appeal, Employee alleges that the trial court committed several errors. First, she argues that the court erred in failing to appropriately consider and weigh the unrefuted testimony that Employee's supervisor did not follow company policy when she sent Employee an email regarding her behavior. She further contends the trial court's description of the trial testimony is inaccurate. She also argues that she should have had the opportunity to cross-examine certain witnesses who did not appear at the hearing and, finally, that the notes from her counselor at Agape should have been admitted for use at trial.

---

[3] Prior to the expedited hearing, Employer filed three motions to dismiss. Employer withdrew its first motion to dismiss, filed February 26, 2024, and filed a second motion to dismiss on February 29, 2024. The trial court treated that motion as one for summary judgment and denied it as premature pursuant to Tenn. Comp. R. and Regs. 0800-02-21-18(1)(b) (2023). Employer filed a third motion to dismiss on June 21, 2024. There is no indication in the record that the motion was heard or that the court ruled on that motion prior to the expedited hearing.

In order to succeed on her interlocutory claim for benefits arising from a work-related mental injury, Employee must come forward with sufficient evidence indicating she is likely to prevail at trial in proving her mental condition arose primarily out of "an identifiable work[-]related event resulting in a sudden or unusual mental stimulus." Tenn. Code Ann. § 50-6-102(15) (2024). Employee argues that the altercation with her coworker was "sudden or unusual" and the primary cause of an exacerbation of her pre-existing anxiety. However, in cases where the employee alleges a mental injury occurring in the absence of an underlying physical injury, our Supreme Court has stated:

> The performance of any contract of employment . . . produces some degree of emotional stress. Compensation, therefore, is available for neither emotional stress, anxiety, or worry *of a general nature* nor mental injuries resulting from the accumulation of normal employment-related activities. Rather, the stress must be *extraordinary and unusual in comparison to the stress ordinarily experienced by an employee* in the same type [of] duty.

*Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 320 (Tenn. 2005) (emphases added). Moreover, the trial court must use a "reasonable person" standard in determining whether the work-related event caused a sudden or unusual stimulus. *Id.* In other words, it is not sufficient for an employee to allege that the work-related event was "sudden or unusual" *to that employee*; instead, the employee must show that the work-related event would be deemed sudden or unusual by a reasonable employee in similar circumstances. As the Tennessee Supreme Court has explained:

> The workers' compensation system simply does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment. Rather, the stressful stimulus must be something beyond the normal ups and downs of the employment because emotional stress, to some degree, accompanies the performance of any contract of employment.

*Goodloe v. State*, 36 S.W.3d 62, 67 (Tenn. 2001) (citations and quotation marks omitted).

We have addressed an employee's burden of proof at an expedited hearing many times. In *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015), we stated:

> An employee bears the burden of proof for all prima facie elements of a workers' compensation claim. . . . While we agree that an employee need not prove his or her claim by a preponderance of the evidence at an expedited hearing to obtain temporary disability or medical benefits, an employee nevertheless has the burden to come forward with sufficient evidence of an injury by accident from which the court can conclude that he

4

or she is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1).

Thus, an injured worker retains the burden of proof at all stages of a workers' compensation claim. At an expedited hearing, a trial court may grant relief if the court is satisfied that an employee has met the burden of showing that he or she is likely [to] prevail at a hearing on the merits. *This lesser evidentiary standard, embodied in section 50-6-239(d)(1), does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing . . . .*

*Id.* at *5-6 (citations omitted) (emphasis added). Here, at the expedited hearing, Employee had the burden of coming forward with sufficient evidence to convince the trial court she was likely to prevail at trial in proving the occurrence of a sudden or unusual mental stimulus objectively more severe than ordinary workplace stress. We agree with the trial court that she did not meet that burden.

Employee raises a number of issues regarding the testimony offered during the hearing, but we do not find error with the trial court's order regarding the preponderance of the evidence in this case.[4] Employee's first issue concerns the consideration and weight given by the trial court to Sandlin's alleged breach of company policy. Although the statement of the evidence approved by the trial court confirms Sandlin's testimony admitting that she did not follow company policy, Employee provides no legal argument as to why that testimony would support her claim of a sudden or unusual mental stimulus or how the court erred in failing to accord it more weight. It has consistently been Employee's position that the verbal altercation that took place on March 3 was the primary cause of the worsening of her pre-existing anxiety, not the alleged breach of company policy by her supervisor. As such, we find no error in the trial court's decision to give the alleged breach of company policy little or no weight under these circumstances.

Regarding Employee's contention that the trial court's order does not accurately summarize the testimony at trial, we do not find, and Employee does not point to, any discrepancy between the trial court's order and the statement of evidence accepted by the court. Furthermore, the rules governing practice before us provide either party the opportunity to file a motion disputing the contents of a statement of the evidence before or after we issue our docketing notice. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2023). When the trial court rejected Employee's proposed statement of the evidence and

---

[4] We note that Employee provided no transcript of the expedited hearing. As a result, our review of the live witness testimony is limited to the statement of the evidence approved by the trial court, which only summarizes the live testimony. Thus, our ability to review alleged errors concerning live testimony during the hearing is limited under these circumstances.

accepted Employer's, Employee had an opportunity to file such a motion to correct any alleged errors. No such motion was filed, and we find this issue is without merit.

Employee next argues that she should have been given an opportunity to cross-examine certain witnesses. In her pre-hearing filings, Employee indicated she would call Mark Bekeit, an eyewitness to the confrontation on March 3, 2023, and Employee's friend, Michelle Chausee. Employer's filings listed Mark Bekeit; Jonesha Campbell-Henderson, a regional supervisor for Employer; Sandlin; Employee's coworker Storm Thomas; and Employee as witnesses at the hearing. Of those witnesses, Employee presented testimony from Ms. Chausee and herself, and Employer presented testimony from Ms. Campbell-Henderson and Sandlin. Employee argues in her brief on appeal she did not have the opportunity to cross-examine Mr. Bekeit or Ms. Thomas, and thus the trial court did not have the opportunity to hear from any eyewitnesses to the altercation of March 3. However, Employee had the opportunity to call either or both witnesses, and there is no indication in the statement of the evidence that Employer's decision not to call these witnesses was even discussed at the expedited hearing. Thus, the issue is waived. *See Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007).

Finally, the issue regarding the admissibility of Employee's counseling records from Agape *was* raised at the hearing. Medical records are admissible at expedited hearings if they have been signed by a physician or certified by the custodian of records. Tenn. Comp. R. & Regs. 0800-02-21-.16(2) (2023). The records offered by Employee during the expedited hearing were not signed or certified, and it is unclear whether they were timely filed as required by Rule 0800-02-21-.16(2)(a). Thus, we conclude the trial court did not err in sustaining Employer's objection to the admission of the Agape records.

In sum, the trial court heard testimony from Employee regarding the March 3 verbal altercation and determined that she was not likely to prevail at trial in establishing she experienced a "sudden or unusual" mental stimulus objectively more severe than ordinary workplace stress as contemplated by section 50-6-102(15). In doing so, it relied on Employee's own testimony that she initiated the conversation with her coworker and noted that conflicts with coworkers are not entirely unexpected in a typical workplace. Finally, Employee presented no admissible medical proof supporting her contention that the alleged aggravation of her mental condition was primarily caused by her employment. Thus, we find the preponderance of the evidence supports the trial court's order.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Ian-Chanel Payne | ) | Docket No. 2023-05-2463 |
| | ) | |
| v. | ) | State File No. 860156-2023 |
| | ) | |
| Signet Jewelers, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of January, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Ian-Chanel Payne | | | | X | chanel2001.ip@gmail.com |
| Gerard Jabaley | | | | X | gjabaley@wimberlylawson.com aburge@wimberlylawson.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov